**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CLARENCE DELANEY, JR.,**

          **Plaintiff,**            **1:08-cv-788
                                                  (GLS\DRH)**

      **v.**

**CITY OF ALBANY,** et al.,

          **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Clarence Delaney, Jr.<br>Pro Se<br>Albany County Correctional Facility<br>840 Albany Shaker Road<br>Albany, NY 12211 | |
| **FOR THE DEFENDANTS:**<br>City of Albany Corporation Counsel<br>City Hall<br>24 Eagle Street<br>Albany, NY 12207 | ANDREW H. WOOD, ESQ.<br>JOHN JOSEPH REILLY, ESQ. |

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Clarence Delaney, Jr. brings this action under 42

U.S.C. § 1983 against defendants Jan Mika, James Lewis, and the City of Albany, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights. (*See* Am. Compl., Dkt. No. 9.) Delaney also alleges various state law causes of action, including claims for intentional infliction of emotional distress,[1] negligence, assault, libel, slander, and race-based discrimination. Pending is defendants' motion for summary judgment. (Dkt. No. 45.) For the reasons that follow, the motion is granted in part and denied in part.

## II. Facts

On May 17, 2007, at approximately 11:30 p.m., Officers Lewis and Mika were conducting a routine patrol in the area around Grand Street in Albany. (*See* Def. SMF ¶¶ 5, 6, 11, Dkt. No. 45:15.) The area around Grand Street has a high incidence of crime, including a high rate of car larcenies. (*See id.* at ¶ 12.) The officers were traveling in "marked" Albany Police Department vehicles. (*See id.* at ¶ 14.) The vehicle that Officer Lewis was driving was traveling approximately seven to ten feet behind the vehicle that Officer Mika was driving. (*See id.* at ¶ 15.)

While driving northbound on Grand Street, Officer Mika observed

---

[1] Delaney calls this cause of action "infliction of mental and emotional stress."

2

Delaney peering in the windows of parked cars. (*See id.* at ¶ 16.) Delaney disputes that he was acting suspicious near parked cars since being on the street in Albany necessitates that a person be near a parked car.[2] As Officer Mika got closer, Delaney moved backwards to an unlit area near a building. (*See id.* at ¶ 18.) Thereafter, Officer Mika stopped his vehicle, rolled down his window, and asked Delaney to speak with him. (*See id.* at ¶ 19.) Delaney refused to respond to Officer Mika's initial request for information. (*See id.* at ¶ 21.)

As Officer Mika exited his vehicle, plaintiff reached his hand towards his waistband and began running. (*See id.* at ¶ 22.) Thereafter, Officer Mika pursued Delaney on foot, with Officer Lewis following in his vehicle. (*See id.* at ¶¶ 24, 25,26.) Officer Mika believed that based on Delaney's hand motion, he was in possession of a handgun. (*See id.* at ¶ 23.)

Delaney subsequently fell while running. (*See id.* at ¶ 30.) Although not entirely clear how, Officer Mika ended up on the ground with Delaney.

---

[2]Delaney also argues that initially he walked away from Officer Mika, thus exercising his constitutional right to be left alone. Delaney also disputes that he pulled on his waistband for a weapon, claiming that there could be an innocent reason for touching his waistband such as pulling up his pants to run better.

3

While Delaney disputes that he rolled himself underneath[3] a vehicle that was parked on Wilbur Street, he does admit that he was near the car's back bumper.  (*See id.* at ¶ 33.)  Although, Delaney disputes this fact, according to both officers, Delaney then began placing "rocks" of cocaine in his mouth while he was underneath the parked vehicle.   (*See id.* at ¶ 36.)  Thereafter, Officer Lewis assisted Officer Mika in restraining Delaney.  (*See id.* at ¶ 37.)  However, Delaney continued to pull his arms away from both officers.   (*See id.* at ¶ 35.)

Officer Lewis warned Delaney that if he did not comply with the officers' commands, he would spray him with "OC" (pepper spray).  (*See id.* at ¶ 41.)  Accordingly, as a result of Delaney's continued failure to comply, Officer Lewis dispensed the spray on Delaney.   (*See id.* at ¶ 44.)  Delaney was then handcuffed despite continuing to be combative.  (*See id.*)

### III.  Standard of Review

The standard for the grant of summary judgment is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle*,

---

[3]Delaney claims that he did not roll under the car but fell near the back bumper of the car.

499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## IV. Discussion

### A. Excessive Force

Delaney claims that Officers Mika and Lewis used excessive force during his arrest. To establish a § 1983 claim for excessive force, a plaintiff must show that the force used against him was excessive under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Mills v. Fenger*, 216 Fed. Appx. 7, 8 (2d Cir. 2006) (unpublished). "[C]laims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen [are] analyzed under the Fourth Amendment and its 'reasonableness' standard ...." *Graham,* 490 U.S. at 395. Thus, the standard governing excessive force is "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted).

Here, questions of fact remain as to whether the force used by Officers Mika and Lewis was reasonable under the circumstances. The court notes that Delaney admitted to struggling against the officers

5

attempts to place him under arrest.  However, Delaney contends that Officer Mika struck him in the face numerous times, dragged him by his leg, causing bruises, and that Officer Lewis's use of pepper-spray was excessive.  On the other hand, Officer Mika claims that Delaney kicked him repeatedly in the chest.  The record shows that Delaney had a scratch underneath his eye after the encounter with the Officers and complained to medical personnel of thigh pain due to the arrest.  Given the conflicting facts regarding the circumstances surrounding the arrest, the motion for summary judgment in regards to excessive force[4] is denied.

## B. Negligence

Delaney alleges that the defendants were negligent in unreasonably believing that they had probable cause to search, seize, arrest, and transport him to the police precinct.  Delaney also claims that defendants acted negligently in beating him, spraying him with pepper spray, and giving false and inconsistent testimony against him at his final revocation hearing.  As defendants correctly point out, Delaney cannot recover under

---

[4] In analyzing Delaney's state law claims for assault, this court must apply the same standard as it will for his Fourth Amendment excessive force claim.  *See Pierre-Antoine v. City of New York*, No. 04-CV-6987, 2006 WL 1292076, at *8 (S.D.N.Y. May 9, 2006).  Having denied the dismissal of the excessive force claim, the court must deny the dismissal of the assault claim since issues of fact remain.

6

a theory of negligence on this basis. "False arrest, false imprisonment and unconstitutional search (or its attendant torts, assault and battery) are not acts of negligence, and plaintiff cannot recover for them under general principles of negligence law." *Sarnicola v. County of Westchester*, 229 F. Supp. 2d 259, 277 (S.D.N.Y. 2002) (citations omitted). Accordingly, defendants' motion for summary judgment is granted as to Delaney's claims for negligence.

**C.   Libel and Slander**

Delaney alleges libel and slander against Officers Mika and Lewis based on the sworn testimony they gave at his final revocation hearing. This allegation is without merit since, as witnesses in a judicial proceeding, Officers Mika and Lewis are entitled to absolute immunity from civil liability. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Accordingly, defendants' motion for summary judgment is granted as to Delaney's claims for libel and slander.

**D.   Racial Discrimination**

Delaney claims, without explanation, that Officers Mika and Lewis called him names. This conclusory allegation, without more, is insufficient

to state a racial discrimination claim.  Accordingly, defendants' motion for summary judgment is granted as to Delaney's racial discrimination claims.

### E.     *Monell* Claim[5]

Delaney contends that the City of Albany has a policy of harassing minorities in poor areas, but has failed to set forth any proof of such policy. Accordingly, Delaney's *Monell* claim against the City of Albany is dismissed.

### F.     **Intentional Infliction of Emotional Distress**

Delaney claims that Officers Mika and Lewis caused him mental and emotional stress.  To establish a claim for intentional infliction of emotional distress (IIED) under New York law, a plaintiff must demonstrate: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of substantial probability of causing, severe emotional distress; (3) causal connection between conduct and injury; and (4) severe emotional distress." *Llerando-Phipps v. City of New York*, 390 F. Supp. 2d 372, 381 (S.D.N.Y. 2005) (citations and internal quotation marks omitted).  In *Llerando*-Phipps, the district court held that "public policy bars IIED claims against

---

[5] Delaney's *Monell* claim appears in the first cause of action for negligence.  (*See* Am. Compl. ¶ 7; Dkt. No. 9.)

8

government agencies, including New York City and [the] State." *Id.* at 381 (citation omitted).

Thus, to the extent Delaney's IIED claim is asserted against the City of Albany, that claim is dismissed. However, because questions of fact remain as to the reasonableness of the force used by Officers Mika and Lewis, the IIED claim against them survives.

## G. Qualified Immunity

Defendants contend that they are entitled to qualified immunity. Since questions of fact exist, as to the reasonableness of Officers Mika and Lewis's actions, at this juncture, qualified immunity is inappropriate. Defendants' motion for summary judgment based on qualified immunity is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 45) is **GRANTED** insofar as

　　1. Delaney's First, Fifth, and Sixth Causes of Action are **DISMISSED**

in their entirety; and

    2. Delaney's Fourth Cause of Action against the City of Albany is **DISMISSED**; and it is further

    **ORDERED** that defendants' motion for summary judgment (Dkt. No. 45) is otherwise **DENIED**; and it is further

    **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

November 16, 2010
Albany, New York

*[signature]*
United States District Court Judge